## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                          :
ALPHONSO J.                               :
                                          :
        v.                                :
                                          :        NO. 25-CV-191
FRANK BISIGNANO,                          :
Commissioner of Social Security           :
                                          :
_____   :

## O P I N I O N

SCOTT W. REID                                        DATE:  July 11, 2025
UNITED STATES MAGISTRATE JUDGE

Alphonso J. brough this action under 42 U.S.C. §405(g) to obtain review of the decision of the Commissioner of Social Security denying his claim for Supplemental Security Income ("SSI").  He has filed a Request for Review to which the Commissioner has responded.  As explained below, I recommend that Alphonso J.'s Request for Review be denied and judgment granted in favor of the Defendant.

I.      _Factual and Procedural Background_

Alphonso J. was born on March 15, 1986.  Record at 160.  He completed high school.  Record at 196.  He worked in the past for brief periods as a cook or dishwasher.  Record at 197.  On October 13, 2022, he filed an application for SSI.  Record at 160.  He alleged disability since February 20, 2022, on the basis of lumbosacral stenosis, disc deterioration in his lumbar spine, neuritis, and pain in his back and neck.  Record at 160, 195.

On May 4, 2023, Alphonso B.'s application for benefits was denied.  Record at 69.  It was denied upon reconsideration on November 16, 2023.  Record at 87.  Alphonso B. then requested a hearing _de novo_ before an Administrative Law Judge ("ALJ").  Record at 105.

A hearing was held in this case on May 29, 2024  Record at 38.  On September 24, 2024, however, the ALJ issued a written decision denying benefits.  Record at 16.  The Appeals Council denied Alphonso J.'s request for review on November 13, 2024, permitting the ALJ's decision to serve as the final decision of the Commissioner of Social Security.  Record at 1. Alphonso J. then filed this action.

II.    *Legal Standards*

The role of this court on judicial review is to determine whether the Commissioner's decision is supported by substantial evidence.  42 U.S.C. §405(g); *Richardson v. Perales*, 402 U.S. 389 (1971); *Newhouse v. Heckler*, 753 F.2d 283, 285 (3d Cir. 1985).  Substantial evidence is relevant evidence which a reasonable mind might deem adequate to support a decision. *Richardson v. Perales*, *supra*, at 401.  A reviewing court must also ensure that the ALJ applied the proper legal standards.  *Coria v. Heckler*, 750 F.2d 245 (3d Cir. 1984); *Palmisano v. Saul*, Civ. A. No. 20-1628605, 2021 WL 162805 at *3 (E.D. Pa. Apr. 27, 2021).

To prove disability, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period."  42 U.S.C. §423(d)(1).  Each case is evaluated by the Commissioner according to a five-step process:

> (i) At the first step, we consider your work activity, if any.  If you are doing substantial gainful activity, we will find that you are not disabled.  (ii)  At the second step, we consider the medical severity of your impairment(s).  If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in §404.1590, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.  (iii)  At the third step, we also consider the medical severity of your impairment(s).  If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.

20 C.F.R. §404.1520(4) (references to other regulations omitted).

Before going from the third to the fourth step, the Commissioner will assess a claimant's residual functional capacity ("RFC") based on all the relevant medical and other evidence in the case record.  *Id*.  The RFC assessment reflects the most an individual can still do, despite any limitations.  SSR 96-8p.

The final two steps of the sequential evaluation then follow:

(iv)  At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work.  If you can still do your past relevant work, we will find that you are not disabled.  (v)  At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work.  If you can make the adjustment to other work, we will find that you are not disabled.  If you cannot make an adjustment to other work, we will find that you are disabled.

*Id*.

III.    *The ALJ's Decision and the Claimant's Request for Review*

In her decision, the ALJ found that Alphonso J. suffered from the severe impairments of degenerative disc disease of the lumbar spine, and obesity.  Record at 18.  She found, however, that neither of those impairments, nor a combination of those impairments, met or medically equaled a listed impairment.  Record at 21.

The ALJ concluded that Alphonso J. retained the RFC to engage in sedentary work, except that he could stand and walk for four hours total, for up to 30 minutes at one time; needed to ambulate with a single-point cane; could not climb ladders, ropes, or scaffolds; could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; needed to avoid concentrated exposure to extreme cold, humidity and vibration; and could have no exposure to "hazards."  Record at 22.

Relying on the testimony of a vocational expert who appeared at the hearing, the ALJ found that Johnson could perform the requirements of such jobs as final assembler, order clerk, and semiconductor bonder.  Record at 30.  She concluded, therefore, that he was not disabled.

In his Request for Review, however, Alphonso J. argues that the ALJ erred in failing to accept in full the findings of consulting medical expert, Abby Neely, N.P., and failing to explain why her findings were not accepted.

IV.    *Discussion*

Abby Neely, N.P., examined Alphonso J. on October 19, 2023.  Record at 758.  She diagnosed him with congenital spinal stenosis, history of repaired right knee meniscus tear, asthma, "back pain," and "right and left knee pain."  Record at 761.  Upon physical examination, N.P. Neely found Alphonso J. to have normal strength in his upper and lower extremities, with no sensory deficit, and normal pulses.  *Id*.  He had intact hand and finger dexterity, with full grip strength bilaterally.  *Id*.

According to N.P. Neely, Alphonso J. could lift and carry 20 pounds frequently, and up to 50 pounds occasionally.  Record at 763.  He could sit for one hour at a time, for a total of eight hours in an 8-hour workday; but stand or walk for only 20 minutes at a time, for a total of two hours each.  Record at 764.  She found that Alphonso J. was limited to "frequent," as opposed to "continuous" reaching, handling, fingering, and feeling.  Record at 765.

The ALJ wrote that N.P. Neely's assessments were "somewhat supported" by her physical examination of Alphonso J., and partially consistent with the other evidence of record, explaining:

> The claimant has long-term pain complaints, but objective findings seem significantly out of proportion to subjective complaints.  The claimant nevertheless does have documented degenerative disc disease of the lumbar spine and obesity and should be limited to the

range of sedentary work defined above including use of a single-point cane for ambulation.

Record at 28.

Alphonso J. writes: "This … does not explain why the ALJ did not account for [N.P. Neely's] opinion in the RFC – specifically the limitations that Plaintiff could sit one hour at a time, stand and walk 20 minutes at a time each, and reach overhead and in all other directions, handle, finger, feel, and push or pull frequently with either hand." *Request for Review* at 6.

Although N.P. Neely imposed limits as to how much Alphonso J. could sit, walk, or stand *at one time*, she found that he could sit for eight hours, stand for a total of two hours and walk for a total of two hours (thus, four hours total) in an 8-hour workday. Record at 764. Thus, her findings in this regard were essentially identical to those of the ALJ, who also found that Alphonso J. could stand and walk for four hours in total, and was unlimited in his ability to sit. Record at 22. Thus, there is no need for relief in this regard.

Alphonso J. is correct in noting that the ALJ did not specify why she declined to accept the limitations N.P. Neely imposed in his use of his hands and arms. However, the ALJ wrote this in the prior paragraph of her decision, pertaining to state medical consultant Ethel Marie Hooper, M.D.: "The claimant has generally had no complaints of difficulty with his hands and arms in the medical evidence of record." Record at 28. Since Dr. Hooper did not find Alphonso J. to have limitations in his hands and arms (aside from in the amount of weight he could lift and carry), it is very likely that this sentence was accidentally transposed here from the paragraph about N.P. Neely, who did impose such limitations.

Crucially, it is an accurate observation. N.P. Neely, herself, noted that Alphonso J. had intact hand and finger dexterity, with full grip strength bilaterally. Record at 765. He had no sensory deficits. Record at 761. There is no basis, therefore, for her imposition of a limitation in

feeling, fingering, or handling.  As to reaching, N.P. Neely found Alphonso J.'s range of motion

in his shoulders to be limited by 20 degrees.  Record at 769.  However, Alphonso J. did not

complain to N.P. Neely of any difficulty with his arms or hands, but only of pain in his back and

knees.  Record at 759.

Further, on February 1, 2023, Alphonso J. told David Klebanoff, M.D., another

examining medical expert, that he "did have neck pain initially after the [2016] motor vehicle

accident," but that he was "doing well and has had no therapy to the neck area."  Record at 616-

617.  Here again, he made no mention of difficulty with his arms or hands.  Record at 616.  Dr.

Klebanoff also reported that Alphonso J. had full strength in his upper extremities, and no

sensory deficit.  Record at 619.  His hand and finger dexterity were intact at that time, although

he had only 80% grip strength in his right hand "due to a prior hand fracture."  Record at 620.

As noted above, however, N.P. Neely did not observe any grip limitation eight months later.

Record at 761.  Dr. Klebanoff found that Alphonso J. was unlimited in reaching, handling,

fingering, or feeling, with either hand.  Record at 623.  He also found that Alphonso J.'s range of

motion in his shoulders was normal.  Record at 628.

Thus, substantial evidence fully supports the ALJ's statement that Alphonso J. "generally

had no complaints of difficulty with his hands and arms in the medical evidence of record."

Even if this observation was not actually meant to have been inserted in the paragraph about N.P.

Neely, it renders the ALJ's decision regarding Alphonso J.'s ability to use his arms and hands

adequately explained when read as a whole.  *See Jones v. Barnhart*, 364 F.3d 501 (3d Cir. 2004)

(explaining that an ALJ's decision must be read as a whole).

V.      *Conclusion*

In accordance with the above discussion, I conclude that the Plaintiff's Request for

Review should be DENIED, and judgment entered in favor of the Commissioner.


BY THE COURT:

*/s/ Scott W. Reid*


_____

SCOTT W. REID
UNITED STATES MAGISTRATE JUDGE